UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| GLOBAL ARCHERY PRODUCTS, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | CAUSE NO. 1:16-cv-00019-JVB-SLC |
| CHRIS FIRGAIRA, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Global Archery Products, Inc., filed a complaint against Defendant Chris Firgaira on January 18, 2016, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). The complaint recites that Plaintiff is an Indiana corporation with its principal place of business in Indiana, and that "upon information and belief," Defendant is an individual "residing" in Australia. (DE 1 ¶¶ 2, 3).

Plaintiff's jurisdictional allegations with respect to Defendant are inadequate. "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

Furthermore, residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir.

2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."). Therefore, Plaintiff must advise the Court of the domicile of Defendant.

Additionally, the complaint does not contain any language regarding the amount in controversy. The Court has a duty to ascertain whether the amount in controversy meets the jurisdictional amount, and, in determining whether the threshold is met, "the Court must evaluate 'the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed.'" *Saylor v. Boyd*, No. 11-cv-1072-DRH-SCW, 2012 WL 482389, at *1 (S.D. Ill. Feb. 14, 2012) (quoting *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002)).

Therefore, Plaintiff is ORDERED to supplement the record on or before February 2, 2016, by filing an amended complaint that adequately alleges the citizenship of Defendant and the amount in controversy between the parties.

SO ORDERED.

Enter for this 19th day of January 2016.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge