**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| GLOBAL ARCHERY PRODUCTS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:16-cv-00019-JVB-SLC ) |
| CHRIS FIRGAIRA, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's document entitled "Identification of Parties" filed in response to the Court's Order dated January 21, 2016, directing Plaintiff to clarify its allegations concerning the named parties for purposes of diversity jurisdiction. For the following reasons, Plaintiff's allegations are still deficient, and thus, it will be directed to file a second amended complaint to correct these deficiencies.

To begin, the second amended complaint must properly distinguish the named Defendants from the assumed names. In its supplemental document, Plaintiff now states that it is suing four defendants: Chris Firgaira d/b/a Archery Sports and Global Archery Attack; Archery Attack Pty Ltd; Archery Attack; and Ashleigh Renee Firgaira. Therefore, the caption and allegations in the Plaintiff's second amended complaint need to make this clear, rather than the muddled caption reflected in Plaintiff's supplemental document (DE 8) and amended complaint (DE 6).

Second, Plaintiff states that Archery Attack Pty Ltd is an Australian limited liability company with its principal place of business in Australia. But a limited liability company's

citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the identity and citizenship of all of Archery Attack Pty Ltd's members to ensure that none of the members share a common citizenship with Plaintiff.[1] *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Archery Attack Pty Ltd, who are a partnership or a limited liability company, as anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Also, Plaintiff's allegations that Archery Attack "is a business domiciled in Australia" is inadequate. Plaintiff needs to inform the Court of Archery Attack's organizational form and, if it is anything other than a corporation, its ownership. "[I]n the case of a firm that is not a corporation, its citizenship is the citizenship of its owners, partners, or other principals." *Meyerson v. Harrah's East Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Therefore, "citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* (citations omitted). Accordingly, the Court must be informed of the citizenship of all of the owners, partners, or principals of Archery Attack, tracing such citizenship through all applicable layers of ownership.

Furthermore, Plaintiff bases its allegations concerning the citizenship of Archery Attack Pty Ltd and Archery Attack on its "belief." But "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge."

---

[1] As to Plaintiff's assertion that Archery Attack Pty Ltd and Archery Attack are each an "alter ego" of Chris Firgaira, this allegation does not adequately allege an organizational form (such as an sole proprietorship, partnership, limited liability company, or corporation) or such entity's ownership.

*Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004). The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the requirement of complete diversity has been met. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

For these reasons, Plaintiff is ORDERED to file a second amended complaint on or before February 10, 2016, that adequately identifies the named defendants and alleges each defendant's citizenship, identifying its organizational form and the citizenship of its owners.

SO ORDERED.

Enter for this 27th day of January 2016.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge