# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

GLOBAL ARCHERY PRODUCTS, INC.,

    Plaintiff,

    v.

ASHLEIGH RENEE FIRGAIRA,
ARCHERY SPORTS, and
ARCHERY ATTACK,

    Defendants.

Case No.: 1:16-CV-19-JVB-SLC

## OPINION AND ORDER

Defendants Ashleigh Firgaira, Archery Sports, and Archery Attack move to dismiss Plaintiff Global Archery Products Inc.'s third amended complaint for lack of personal jurisdiction over them (Rule 12(b)(2)) and for failure to state a claim (Rule 12(b)(6)).

**A.    Plaintiff's third amended complaint**

Plaintiff claims the following:

Plaintiff founded and developed a non-lethal combat archery game involving patented foam-tipped arrows. Plaintiff offers this game under the ARCHERY TAG® trademark. Plaintiff entered into a License Agreement ("agreement") with Archery Sports ("AS") under which Plaintiff licensed ARCHERY TAG® equipment and documentation, including an operator's manual, to AS.

Archery Attack ("AA") is an alter ego of AS, which are both sole proprietorships of Ms. Firgaira. Ms. Firgaira, AS, and AA all have the same business address in Australia. Ms. Firgaira formed AA in an attempt to evade the terms and conditions of the agreement.

The agreement contains a clause by which AS (as a named party to the agreement) and AA (as an alter ego of AS) and Ms. Firgaira (as the sole proprietor of AS) consented to the application of Indiana law, and consented to personal jurisdiction in this Court:

> **12.4 Governing Law and Jurisdiction.** This Agreement shall be governed by and construed in accordance with the laws of the State of Indiana, United States without application of conflict of law principles. The parties specifically disclaim the UN Convention on Contracts for the International Sale of Goods. For the purpose of this Agreement, Licensee acknowledges and agrees that courts of competent jurisdiction in the State of Indiana, United States shall have sole subject matter jurisdiction over any dispute related to this Agreement. Licensee hereby voluntarily submits itself to the personal jurisdiction to courts of competent jurisdiction in the State of Indiana, United States and hereby agrees not to challenge in any way such court's ability to exercise personal jurisdiction over Licensee. Should Licensor be required to obtain the assistance of local counsel in another state or foreign counsel to attempt to effectuate a court's order against Licensee, Licensor shall be entitled to recover reasonable costs, including reasonable attorneys' fees, in connection with enforcing such order. Licensee expressly waives the right to challenge the validity or enforceability of any order issued by a court of competent jurisdiction in the State of Indiana, United States in connection with the enforcement of any order issued as a result of a breach of this Agreement by Licensee in any other state or foreign jurisdiction.

(License Agreement, DE 32-1 at 10.)

Plaintiff claims Defendants breached the agreement by violating its non-compete clause (section 12.3) and by continuing, after the agreement's expiration, to use the ARCHERY TAG® system and documentation and failing to return any of Plaintiff's equipment or documentation, in violation of the agreement's effect-of-termination clause (section 3.5).

**B.     Motion to dismiss for lack of personal jurisdiction**

Defendants move for dismissal for lack of personal jurisdiction, pursuant to Rule 12(b)(2).

**(1) Legal standards regarding personal jurisdiction**

Rule 12(b)(2) requires dismissal of an action if the court lacks personal jurisdiction. When a defendant challenges personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over the defendant. *N. Grain Mktg. v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). If a defendant raises the issue of personal jurisdiction by a motion to dismiss, and the court decides this issue based on written material, then the plaintiff need only make a prima facie showing of jurisdiction. *Id.*

For these purposes, the court must accept as true all well-pleaded facts alleged and resolve any factual disputes in favor of the plaintiff. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).

A federal district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have such jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo*, 338 F.3d 773, 779 (7th Cir. 2003). Thus the federal court must examine whether the forum state's long-arm statute reaches the defendant and whether the exercise of jurisdiction over the defendant would violate federal due process. *Id.*

Indiana's long-arm statute, Indiana Trial Rule 4.4(A), provides that an Indiana court "may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." Ind. R. Trial P. 4.4(A). Therefore, Indiana courts determine their personal jurisdiction over nonresident defendants by applying the long-arm statute which extends personal jurisdiction to the limits allowed under the Fourteenth Amendment's due process clause. *See LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006).

**(2)    Forum-selection clause**

A defendant with no other contacts to the forum may waive challenges to personal jurisdiction by either express or implied consent, such as by contracting to litigate a matter in a particular forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 n.14 (1985); *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1290 (7th Cir. 1989). Consent to suit in a particular forum is an independent ground for the exercise of personal jurisdiction, separate and distinct from any personal jurisdiction based on minimum contacts. *See Burger King*, 471 U.S. at 472 n.14. In other words, consent to personal jurisdiction is enough by itself to satisfy any due process concerns. *Ins. Corp. of Ireland v. Campagine des Bauxite de Guniee*, 456 U.S. 694, 703–04 (1982).

Here, the parties agree that the only basis for personal jurisdiction over the Defendants is section 12.4 of the agreement, which provides, in part:

> "Licensee hereby voluntarily submits itself to the personal jurisdiction to courts of competent jurisdiction in the State of Indiana, United States and hereby agrees not to challenge in any way such court's ability to exercise personal jurisdiction over Licensee."

(License Agreement, DE 32-1 at 10.)

A forum-selection clause should control unless there is a "strong showing that it should be set aside." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972); *Heller*, 883 F.2d at 1290–91. People enjoy general liberty to contract. *See Sportsdrome Speedway v. Clark*, 49 N.E.3d 653, 660 (Ind. Ct. App. 2016) ("As a general rule, the law allows competent adults the utmost liberty in entering into contracts that, when entered into freely and voluntarily, will be enforced by the courts."). People may consent to personal jurisdiction where it would otherwise

4

not exist. *See Burger King*, 471 U.S. at 472 n.14, (1985); *Adsit Co. v. Gustin*, 874 N.E.2d 1018, 1022 (Ind. Ct. App. 2007) ("Parties may consent by contract to the exercise of personal jurisdiction by courts that otherwise might not have such jurisdiction.").

Someone who consents to suit in a particular forum can reasonably anticipate being sued there. *See Costello v. Haller*, No. 05-C-0726, 2006 WL 1762131, at *3 (N.D. Ill. June 20, 2006). Forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances" or "would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen*, 407 U.S. at 10 and 15. Forum-selection clauses should be "given controlling weight in all but the most exceptional cases." *Stewart Org. v. Ricoh Corp.*, 497 U.S. 22, 33 (1988).

Therefore, if the forum-selection clause here is valid and enforceable, then parties governed by the clause waived challenges to personal jurisdiction. *See Pollas v. Hardware Wholesalers*, 663 N.E.2d 1188, 1191 (Ind. Ct. App. 1996); *see also TrueServ Corp. v. Flegeles, Inc.*, 419 F.3d 584, 589 (7th Cir. 2005).

To determine the validity and enforceability of a forum-selection clause, a federal district court uses the law designated in the contract's choice-of-law clause. *Jackson v. Payday Fin.*, 764 F.3d 765, 774–75 (7th Cir. 2014). Here, the agreement provides that it "shall be governed by and construed in accordance with the laws of the State of Indiana . . . ." (License Agreement, DE 32-1 at 10.)

In Indiana, forum-selection clauses are generally enforceable. *Adsit*, 874 N.E.2d at 1022. Indiana courts have "repeatedly held that parties may consent by contract to the exercise of

5

personal jurisdiction by courts that otherwise might not have such jurisdiction." *Everdry Mktg. & Mgmt. v. Carter*, 885 N.E.2d 6, 10 (Ind. Ct. App. 2008).

Forum selection clauses (even those contained in form contracts) are enforceable if:

(1) "they are reasonable and just under the circumstances";

(2) "there is no evidence of fraud or overreaching such that the agreeing party, for all practical purposes, would be deprived of a day in court"; and

(3) they were "freely negotiated."

*Grott v. Jim Barna Log Sys.-Midwest*, 794 N.E.2d 1098, 1102 (Ind. Ct. App. 2003). The party claiming unfairness bears a heavy burden of proof even where the forum-selection clause establishes a remote forum. *Grott*, 794 N.E.2d at 1102.

Here, Defendants fail to carry their burden.

Defendants have not shown that the contractual consent to personal jurisdiction here is unreasonable or unjust under the circumstances. They have not shown evidence of fraud or overreaching such that they would be deprived of a day in court. Moreover, Defendants have not shown that "trial in the contractual forum will be so gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court." *Horner*, 650 N.E.2d at 763–64.

Nor have they shown that the contractual consent to personal jurisdiction was not freely negotiated. A standardized contract is not unenforceable merely because it is a form, or merely because the parties have unequal bargaining powers. *Grott*, 794 N.E.2d at 1102. Instead, a party must establish that the contract is unconscionable by showing it "contains unreasonable or unknown terms and is the product of inequality of bargaining power." *Id.* Courts presume contracts represent the freely bargained agreement of the parties. *Id.* Here, Defendants fail to

overcome this presumption. They have not shown that the contractual terms were unreasonable or unknown. Defendants argue that the contract was an adhesion contract, presented on a take-it-or-leave-it basis, but adhesion contracts are not *per se* invalid. *Sanford v. Castleton Health Care Ctr.*, 813 N.E.2d 411, 417 (Ind. Ct. App. 2004). Indeed, adhesion contracts are ubiquitous. If Plaintiff offered the agreement on a take-it-or-leave-it basis, Defendants have not shown any reason why they couldn't leave it.

Therefore, the Court concludes that the consent to personal jurisdiction in section 12.4 of the agreement is valid and enforceable as to the Defendants to which it applies.[1] The Court turns now to an evaluation of which Defendants are subject to the agreement.

(a)     Archery Sports

Plaintiff alleges Chris Firgaira signed the agreement as the business manager of Archery Sports, and attaches the signature page to its third amended complaint. (License Agreement, DE 32-1 at 12.) Defendants do not dispute that Chris Firgaira signed the agreement. Nor do Defendants dispute that Chris Firgaira had the authority to bind Archery Sports to the agreement. Therefore the agreement, including the consent to personal jurisdiction, applies to Archery Sports. Accordingly, the Court denies Archery Sports' motion to dismiss for lack of personal jurisdiction.

---

[1] Defendants also argue the entire agreement is invalid, so the personal jurisdiction clause is invalid. The Court addresses those arguments below in the course of denying the motion to dismiss for failure to state a claim. Besides, the agreement contains a severability clause which could have saved the forum-selection clause if necessary.

(b) Archery Attack

Plaintiff alleges Archery Attack is an alter ego of Archery Sports, and therefore that AA is bound by the agreement entered by AS, including its forum-selection clause.

In Indiana, the corporate form "may be disregarded where one corporation is so organized and controlled and its affairs so conducted that it is a mere instrumentality or adjunct of another corporation." *Smith v. McLeod Distrib.*, 744 N.E.2d 459, 462 (Ind. Ct. App. 2000). Here, the Defendants are not even separate corporations.

Alter-ego analysis in Indiana turns on the *Aronson-Smith* factors, which include:

(1) undercapitalization;

(2) absence of corporate records;

(3) fraudulent representation by corporation shareholders or directors;

(4) use of the corporation to promote fraud, injustice, or illegal activities;

(5) payment by the corporation of individual obligations;

(6) commingling of assets and affairs;

(7) failure to observe required corporate formalities;

(8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form;

(9) whether similar corporate names were used;

(10) whether there were common principal corporate officers, directors, and employees;

(11) whether the business purposes of the corporations were similar; and

(12) whether the corporations were located in the same offices and used the same telephone numbers and business cards.

*Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994); *Smith*, 744 N.E.2d at 463.

At this procedural stage, the Court does not decide whether AA actually is an alter ego of AS. Rather, the Court decides whether Plaintiff has made a prima facie showing of jurisdiction, accepting as true all well-pleaded facts and resolving any factual disputes in Plaintiff's favor. *N. Grain Mktg.*, 743 F.3d at 491.

Here, Plaintiff has alleged enough. Indeed, Defendants do not seem to deny that AA is an alter ego of AS. Instead, Defendants argue Plaintiff pleads no facts to support the assertion that AA and AS are alter egos of each other. But this is incorrect. Plaintiff does plead facts to support the assertion that AA and AS are alter egos of each other. Plaintiff claims AA and AS have the same business address; have the same sole proprietor; were part of a common scheme; ran the same type of business with the same programs in the same area; and benefitted from the same agreement with Plaintiff. Plaintiff alleges Ms. Firgaira formed AA to try to avoid AS's obligations. Plaintiff alleges AA used the equipment Plaintiff provided to AS. Accepting these allegations as true, and resolving factual disputes in Plaintiff's favor, the Court denies the motion to dismiss AA for lack of personal jurisdiction.

(c) Ashleigh Firgaira

Plaintiff alleges Ms. Firgaira is the sole proprietor of both AS and AA. A sole proprietorship has no separate legal existence apart from its sole proprietor. "A proprietorship is just a name that a real person uses when doing business; it is not a juridical entity. The only

9

entity is the proprietor . . . ." *York Grp. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 403 (7th Cir. 2011); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) ("A sole proprietorship . . . is not a suable entity separate from the sole proprietor."); *see also Fuqua v. Lytle-Gans-Andrew Funeral Home*, 2008 WL 5070641, at *3 (S.D. Ind. Nov. 26, 2008) (noting that a person operated a business "as a sole proprietorship, so that the business had no separate legal existence.").

A sole proprietor is bound by his sole proprietorship's contracts, including forum-selection clauses. *See Bledsoe v. State Farm Fire & Cas. Co.*, No. 1:04-CV-1584, 2005 WL 2491577, at *4–5 (S.D. Ind. Oct. 7, 2005).

Again, at this procedural stage, the Court's province is not to determine whether Ms. Firgaira actually is the sole proprietor of AS, but only whether Plaintiff has made a prima facie showing of jurisdiction, accepting all well-pleaded facts as true, and resolving factual disputes in Plaintiff's favor. Plaintiff has satisfied this burden. Plaintiff alleged that Mr. Firgaira is the sole proprietor of AS and AA; that all three share the same business address; that she formed AA as part of a scheme to attempt to avoid AS's obligations; *et cetera*. Indeed, Defendants do not seem to deny that Ms. Firgaira is the sole proprietor of AS or AA.

Therefore, the Court denies the motion to dismiss Ms. Firgaira for lack of personal jurisdiction.[2]

---

[2] The Court questions the propriety of keeping the sole proprietorships in this case if the sole proprietor is a party. But the ultimate issue regarding whether Ms. Firgaira is the sole proprietor of AS and AA remains unresolved. And the issue of whether to leave AS and AA in the case if Ms. Firgaira is their sole proprietor is not now before the Court.

C.  **Motion to dismiss for failure to state a claim**

Defendants also move to dismiss the third amended complaint pursuant to Rule 12(b)(6) for failure to state a claim on various grounds: the agreement's non-compete clause is unreasonable; the agreement is unenforceable as illegal and against public policy; and mootness precludes this case.

(1)  **Legal standards regarding failure to state a claim**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleadings, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).[1]

As the Supreme Court stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially

---

[1]In *Twombly*, the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 556).

The Seventh Circuit synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**(2)     Motion to dismiss non-compete claim**

Defendants seek dismissal of Count I—breach of covenant not to compete—on the grounds that Plaintiff cannot raise a plausible claim for relief for breach of the non-compete clause because it is unreasonable.

The non-compete clause states:

> **12.3 Covenant Not to Compete.** For a period of three (3) years following the date of termination or expiration of this Agreement, whether by lapse of time or by other cause, Licensee shall not engage in any business involving the ownership or operation of a field in which the Archery Tag® System or similar archery sport (i.e., non-lethal combat archery) is played.

(License Agreement, DE 32-1 at 10.)

Plaintiff claims Defendants breached this clause by engaging in a business that directly competes with Plaintiff. Defendants, however, argue that the non-compete clause is unreasonable. They correctly note that the law does not favor non-compete clauses, and that

courts strictly construe non-compete clauses against covenantees. Defendants invite the Court to evaluate the non-compete clause under Indiana's employer/employee test or, alternatively, under Indiana's sale-of-business test. They argue that under either test the non-compete clause is unreasonable and unenforceable.

Defendants argue that under the employer/employee test, a noncompete is reasonable if:

(1) the restraint is reasonably necessary to protect the employer;

(2) it is not unreasonably restrictive of the employee; and

(3) it is not against public policy.

(Defs.' Mot. Dismiss Br., DE 35 at 9, citing *Harvest Ins. Agency v. Inter-Ocean Ins. Co.*, 492 N.E.2d 686, 688–89 (Ind. 1986).)

Defendants argue that under the sale-of-business test, the reasonableness of a non-compete clause turns on:

(1) whether the covenant is broader than necessary for the protection of the covenantee in some legitimate interest;

(2) the effect of the covenant upon the covenanter; and

(3) the effect of the covenant upon the public interest.

(Defs.' Mot. Dismiss. Br., DE 35 at 13–14, citing *Fogle v. Shah*, 539 N.E.2d 500, 503 (Ind. Ct. App. 1989).)

The tests are similar. Defendants make many fact-sensitive arguments that the non-compete clause fails under either test. They present hypotheticals purporting to illustrate the absurd overbreadth and unreasonableness of the non-compete clause. They argue that if the

Court finds the non-compete clause unreasonable under any set of facts, then the non-compete clause is unenforceable.

Defendants correctly note that the reasonableness of a non-compete clause is a matter of law for a court to decide, but reasonableness turns on the facts and circumstances of the case. "While reasonableness is a matter to be decided by the court, it ultimately resides in the facts and circumstances of each individual case." *Young v. Van Zandt*, 449 N.E.2d 300, 304 (Ind. Ct. App. 1983) (internal citations omitted).

At this procedural posture, the parties have not yet developed sufficient facts to enable the Court to decide whether the non-compete clause is reasonable and enforceable. Moreover, to the extent some portions of the non-compete clause are unreasonable and unenforceable, the Court might be able to sever those portions pursuant to the agreement's severability clause. (*See* License Agreement, DE 32-1 at 10.)

Plaintiff's third amended complaint states enough facts to raise the claim for breach of the non-compete clause to the level of plausibility. Therefore, the Court denies Defendants' motion to dismiss this claim.

**(3)        Motion to dismiss because the agreement is illegal and against public policy**

Defendants seek dismissal of the entire case on the grounds that the agreement is unenforceable because it is illegal and against public policy. They argue the agreement is void on its face because it violates the Indiana Franchise Act ("IFA") and Australian law. They argue that the agreement qualifies as a "franchise" under Indiana and Australian law. They claim Plaintiff is not registered as a franchisor, and therefore the agreement violates Indiana and Australian law.

Defendants also argue that the agreement violates the anti-fraud provisions of the IFA and an Australian statute, and the public policy embodied by those statutes.

As a threshold matter, Australian law does not apply, pursuant to section 12.4 of the agreement. Nor is the Court convinced that the Indiana Franchise Act (Ind. Code § 23-2-2.5) applies. By its terms, the IFA applies to an offer or franchise if "the offeree or franchisee is an Indiana resident" or if "the franchised business contemplated by the offer or franchise will be or is operated in Indiana." Ind. Code § 23-2-2.5-2. The situation in this case satisfies neither condition. Indeed, Plaintiff seems to concede that the IFA's inapplicability to this case is "self-evident." (Defs.' Reply, DE 38 at 6.)

Moreover, even if the IFA applied, Plaintiff relies on the Indiana Supreme Court's decision in *Continental Basketball* and argues the IFA might create a counterclaim for Defendants but it would not provide for the automatic voiding of the agreement. *See Cont'l Basketball Assoc. v. Ellenstein Enters.*, 669 N.E.2d 134, 137–40 (Ind. 1996). Instead, the Court would have to determine whether the agreement was voidable under a multi-factor balancing approach. *See Id.* at 140. Defendants did not reply to this argument.

If Plaintiff or the agreement violate public policy embodied in relevant and applicable law, Defendants haven't said so.

Therefore, the Court denies the motion to dismiss made on the grounds that the agreement is unenforceable as illegal and against public policy.

**(4)    Motion to dismiss as moot**

Finally, Defendants argue for dismissal on the basis of the mootness doctrine.

15

The mootness doctrine helps ensure that litigants pursue only well-developed cases, and that courts issue only well-considered decisions:

> Article III of the Constitution limits federal courts' jurisdiction, our power to speak the law, to cases and controversies. A live controversy must exist at all stages of review. Federal courts therefore lack jurisdiction over moot cases, cases in which one of the parties lacks a personal stake in the suit's outcome.

*E.E.O.C. v. Flambeau, Inc.*, 846 F.3d 941, 946 (7th Cir. 2017) (internal citations and quotation marks omitted).

Defendants argue the third amended complaint seeks an injunction against them and against non-parties, including Ms. Firgaira's husband, Chris Firgaira. Defendants also argue the third amended complaint seeks damages from them and from "any third-party with whom Firgaira has become a business partner . . . ." (Third Am. Compl., DE 32 at 12.) To the extent Defendants seek dismissal of any claims against non-parties, the Court questions whether Defendants have standing to seek this relief at this time. Furthermore, the Court observes that it lacks jurisdiction to render judgment binding on non-parties. But a judgment in this case—depending on the nature of the judgment—might bind agents of the Defendants.

More to the point, Defendants also argue that to obtain any relief against them, Plaintiff must seek enforcement of this Court's judgment in Australia. Defendants argue Australian courts are unlikely to enforce any order entered by this Court in this case, so this Court is unlikely to fashion an effective remedy, and this case is moot.

Defendants do not point to any Australian law that forbids enforcement of any relief this Court might order. They might be correct that Australian courts generally view non-compete

clauses unfavorably. So do American courts. But as stated above, that is no reason to dismiss the case at this point.

No concurrent or related proceedings pend in Australia to which this Court might defer, and given this Court's conclusion that it has jurisdiction over Defendants, and given the agreement's selection of Indiana law, the Court finds no reason to stop on mootness grounds. *See Costello*, 2006 WL 1762131, at *5. It's plausible that if this Court dismissed this case in deference to Australian courts, and Plaintiff filed claims in Australia, the Australian courts might boomerang the case back to America.

Defendants failed to convince the Court of the mootness of this case. Accordingly, the Court denies the motion to dismiss on this ground.

**D.** **Conclusion**

The Court denies Defendants' motion to dismiss (DE 34).

**SO ORDERED** on March 22, 2017.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE
