## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| GLOBAL ARCHERY PRODUCTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:16-CV-19-TLS |
| ASHLEIGH RENEE FIRGAIRA, et al., | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court on a Motion to Dismiss [ECF No. 48], filed by

Defendants Ashleigh Renee Firgaira, Archery Sports, and Archery Attack (collectively "the

Defendants") on May 24, 2017. The Defendants move to dismiss pursuant to Rule 12(b)(1),

asserting that the Court lacks subject-matter jurisdiction over Plaintiff Global Archery Products,

Inc.'s Third Amended Complaint [ECF No. 32]. For the reasons stated below, the Court denies

the Motion.

## BACKGROUND

The Plaintiff is an Indiana corporation and the "founder and developer" of the game

Archery Tag, a game "played similar to dodgeball with . . . bows and U.S. patented foam-tipped

non-lethal arrows." (Third Am. Compl. ¶¶ 2, 14, ECF No. 32.) The Plaintiff allegedly "has over

400 licenses in 40 countries for its ARCHERY TAG® system," including in Australia. (*Id.*

¶¶ 13, 15.) "On December 31, 2014, [Defendant] Archery Sports entered into an online License

Agreement with [Plaintiff] that was executed by Chris Firgaira," the husband of Ashlee Firgaira,

"acting as the business manager of Archery Sports." (*Id.* ¶ 11.) "As part of the License

Agreement, [the Plaintiff] licensed certain equipment to Archery Sports in connection with the

ARCHERY TAG® System as well as granted Archery Sports a license to [its] ARCHERY

TAG® Documentation," including proprietary and confidential information regarding the setup

and playing of Archery Tag games. (*Id.* ¶¶ 16–17.)

The License Agreement includes a "Covenant Not to Compete" barring Archery Sports

from "engag[ing] in any business involving the ownership or operation of a field in which the

Archery Tag® System or similarly archery sport . . . is played" for a period of three years. (*Id.*

¶ 34 (quoting License § 12.3, ECF No. 32-1).) In addition, the License Agreement states that

Defendant Archery Sports "voluntarily submits . . . to the personal jurisdiction [of] courts of

competent jurisdiction in the State of Indiana, United States." (*Id.* ¶ 8 (quoting License § 12.4).)

On February 27, 2015, "operating under the direction and control of her husband or in

active concert with him," Ashlee Firgaira "formally formed a sole proprietorship under the name

Archery Sports," and again "under the name of Archery Attack" on July 25, 2015. (*Id.* ¶¶ 19,

22.)[1] The Plaintiff alleges that Ashlee and Chris Firgaira "conspired" to form Archery Attack

under Ashlee Firgaira's name "in an attempt to avoid the terms and conditions of the License

Agreement executed by her husband as the business manager of Archery Sports." (*Id.* ¶ 25.)

Additionally, the Plaintiff alleges that "Mr. Firgaira placed web pages on

[www.archertyattack.com] that insinuated that he was the founder and originator of the

'ARCHERY ATTACK' game and had pictures of players playing the game using [Plaintiff's]

ARCHERY TAG® equipment." (*Id.* ¶ 24.)[2] As of June 2016, the "Archery Attack website is still

operational and . . . has changed all references [from] ARCHERY TAG® to 'ARROW TAG.'"

---

[1] The Plaintiff alleges that this "Court has personal jurisdiction over Ashlee . . . Firgaira by virtue of the fact that she is the sole proprietor of Archery Sports and Archery Attack." (*Id.* ¶ 9.)
[2] The Plaintiff alleges that Chris Firgaira had a strong web presence before July, as he "demanded that [the Plaintiff] compensate Archery Sports for the marketing and awareness" that Archery Sports created in June 2015 with a viral YouTube video campaign to promote the product. (*Id.* ¶ 20.)

(*Id.* ¶ 30.) The License Agreement expired on January 1, 2016, although the Plaintiff has requested that the Defendants renew it. (*See id.* ¶¶ 28–29.)

The Plaintiff filed its Third Amended Complaint on June 29, 2016, alleging claims for breach of contract based upon the License Agreement's covenant not to compete and the Defendants' failure to return licensed equipment. (*Id.* ¶¶ 38–52.)[3] The Defendants filed a Motion to Dismiss [ECF No. 34] on July 20, 2016, pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(6) for failure to state a claim upon which relief could be granted. After briefing was completed, Judge Joseph Van Bokkelen denied the Defendants' Motion on both grounds. [*See* ECF No. 39.]

At a hearing before Magistrate Judge Susan Collins on April 12, 2017, the Defendants argued that the amount in controversy in this case was insufficient to meet the requirements of 28 U.S.C. § 1332(a), so the Magistrate Judge ordered the Plaintiff to submit briefing on the issue. (*See* ECF No. 43; *see also* Pl.'s Supp. Br. 4, ECF No. 44.) Accordingly, the Plaintiff entered a Supplemental Brief in Support of Amount in Controversy [ECF No. 43] on April 26, 2017, offering evidence that the amount sought was not less than $75,000. The Defendants filed a Response to the Plaintiff's Supplemental Brief [ECF No. 46], arguing that the total amount claimed against the named Defendants in the Third Amended Complaint was insufficient to meet the amount in controversy. This case was transferred to the undersigned on May 1, 2017. [*See* ECF No. 45.]

On May 10, 2017, the Magistrate Judge stated that the Plaintiff's Supplemental Brief appeared to show that the amount in controversy was satisfied, but permitted the Defendants to

---

[3] The Third Amended Complaint was entered the same date that the parties' Joint Motion to Dismiss Without Prejudice was granted [ECF No. 23]. Judge Van Bokkelen dismissed Chris Firgaira, S.E.G. Holdings Proprietary Limited, and Archery Attack Proprietary Limited, without prejudice, on June 29, 2016. [*See* ECF No. 33.]

file a motion challenging subject-matter jurisdiction, which they formally filed on May 24, 2017.

On June 7, 2017, the Plaintiff filed its Opposition [ECF No. 50] to the Defendants' Motion. The

Defendants' Reply [ECF No. 51] was entered June 14, 2017.

## STANDARD OF REVIEW

Rule 12(b)(1) provides that a party may assert the defense of lack of subject-matter

jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). "Subject-matter jurisdiction is the first question

in every case, and if the court concludes that it lacks jurisdiction it must proceed no further."

*Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). "Where jurisdiction is challenged

as a factual matter, the party invoking jurisdiction has the burden of supporting the allegations of

jurisdictional facts by competent proof, . . . which means 'proof to a reasonable probability that

jurisdiction exists.'" *Middle Tenn. News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077,

1081–82 (7th Cir. 2001) (citations omitted) (quoting *Target Mkt. Publ'g, Inc. v. ADVO, Inc.*, 136

F.3d 1139, 1142 (7th Cir. 1998)). When considering a motion to dismiss for lack of subject

matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all

reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320

F.3d 698, 701 (7th Cir. 2003).

## ANALYSIS

The Third Amended Complaint alleges that the Court's subject-matter jurisdiction is

based on diversity of citizenship under 28 U.S.C. § 1332. Diversity jurisdiction exists when the

parties to an action on each side are citizens of different states, with no defendant a citizen of the

same state as any plaintiff, and the amount in controversy exceeds $75,000. 28 U.S.C.

§ 1332(a)(1). In this case, the parties only dispute whether the amount in controversy

requirement is met. The Defendants argue that, at most, the amount in controversy in this case is the amount that the named Defendants allegedly profited after breaching the License Agreement between the parties, which totals $20,147. The Plaintiff argues that the amount in controversy exceeds the $75,000 threshold because it can aggregate the $20,147 amount that the named Defendants allegedly profited and the amount that Chris Firgaira and Archery Attack Proprietary Limited profited, which is allegedly between $119,850 and $329,850. The Defendants counter that the Plaintiff cannot include Chris Firgaira or Archery Attack Proprietary Limited's alleged profits because they are not named defendants in this case and the Court cannot exercise personal jurisdiction over them.

A federal court has subject-matter jurisdiction "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible." *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012). "It is the *case,* rather than the *claim,* to which the $75,000 minimum applies." *See LM Ins. Corp. v. Spaulding Enters.,* 533 F.3d 542, 548, 552 (7th Cir. 2008) (quoting *Johnson v. Wattenbarger,* 361 F.3d 991, 993 (7th Cir. 2004)). A plaintiff may "aggregate the amount against" two or more potentially liable parties "to satisfy the amount in controversy requirement only if the defendants are jointly liable." *See LM Ins. Corp. v. Spaulding Enters.,* 533 F.3d 542, 548, 552 (7th Cir. 2008). Further, the Seventh Circuit has clarified that "a plaintiff [can] aggregate claims against multiple defendants where it demonstrates a reasonable probability that the corporate veil should be pierced." *Quantum Color Graphics, LLC v. Fan Assoc. Event Photo GmbH*, 185 F. Supp. 2d 897, 901 (N.D. Ill. 2002) (citing *Middle Tenn. News Co.*, 250 F.3d at 1081–82.

In *Middle Tennessee News Co.*, a bookseller plaintiff sued book buyers and the buyers' president and sole shareholder for breach of contract, seeking amounts allegedly owed on a

series of prior sales. The buyers argued that the bookseller failed to allege a sufficient amount in controversy because they were all separate entities. However, the court found that the plaintiff put forth evidence that "demonstrated to a reasonable probability that the business of these corporations was conducted in such a manner that innocent third parties had no way of knowing with which they were dealing, and therefore the three companies [could not] claim the benefit of the corporate form to separate and limit liability." *Id.* at 1082. While "Indiana courts are reluctant to disregard corporate form," the court noted that it would do so "to prevent fraud or injustice to third parties." *Id.* at 1081 (citing *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1231 (Ind. 1994)).

Without considering the substantive merits of the Plaintiff's lawsuit and theory of the case, the Court finds that the amount in controversy requirement is met in this case. If Chris Firgaira and Archery Attack Proprietary Limited were alter egos of the named Defendants, as has been alleged, then the Plaintiff would have "had no way of knowing with which [it] w[as] dealing" when it entered into the License Agreement with the Defendants. *Middle Tenn. News Co.*, 250 F.3d at 1082. As a result, the dispute between the Plaintiff and the named Defendants includes the alleged profits of Chris Firgaira and Archery Attack Proprietary Limited. Based upon the evidence put forth in the Plaintiff's Supplemental Brief, the aggregated amount of profits is well-north of $75,000 and thus meets the amount in controversy requirement. Furthermore, whether or not the Court can exercise personal jurisdiction over some potentially liable actors does not influence the calculation of the amount in controversy. Even if Chris Firgaira or Archery Attack Proprietary Limited are not subject to the Court's personal jurisdiction, that does not allow the other named Defendants who would be liable under a piercing the corporate veil theory from avoiding any finding of liability for the Plaintiff's alleged

causes of action. *See Winkler*, 638 N.E.2d at 1231 (noting that Indiana courts may "disregard a corporate entity . . . to prevent fraud or unfairness to third parties").[4]

The Defendants argue that Seventh Circuit precedent limits the amount in controversy to "the amount in dispute between the litigants." *See Caudle v. Am. Arbitration Ass'n*, 230 F.3d 920, 923 (7th Cir. 2000). In *Caudle*, a terminated products distributor unsuccessfully tried to avoid arbitration in a separate suit with the products manufacturer, so the distributor turned around and sued the arbitration association in breach of contract. *See id.* at 921. Although the distributor met the amount in controversy against the manufacturer, its breach of contract claim against the arbitration association did not satisfy that requirement. *Id.* at 922–23. The Seventh Circuit's statement that "the stakes must be the amount in dispute *between the litigants*" was a response to the distributor's attempt to effectively assert its claim against the manufacturer (with which they were in arbitration) in its lawsuit against the arbitration association. *See id.* at 923 ("What [distributor] wants to do is combine the stakes of his dispute with [manufacturer] (which exceed $75,000) with the citizenship of the [association] in order to come within 28 U.S.C. § 1332.").

The Court could find no other cases from the Seventh Circuit that conform to the Defendants' narrow reading of *Caudle*. That is because the test for the amount in controversy is merely whether recovery of an amount exceeding the jurisdictional minimum is legally impossible in the "*case*, rather than the *claim*." *See Grinnell Mut. Reinsurance Co.*, 697 F.3d at 585; *LM Ins. Corp.*, 533 F.3d at 548. Because the Plaintiff could recover over $75,000 in this

---

[4] It is puzzling that the Defendants argue that Chris Firgaira is not subject to this Court's personal jurisdiction as a reason why this case fails to satisfy the amount in controversy. The License Agreement states in § 12.4 that a signatory submits to the personal jurisdiction of Indiana courts and, as Judge Van Bokkelen stated, the "Defendants do not dispute that Chris Firgaira signed the agreement." (Op. & Order 7, ECF No. 39.) Just because the parties jointly stipulated to Chris Firgaira's dismissal without prejudice does not mean that Chris Firgaira would not be subject to the Court's personal jurisdiction.

case against the named Defendants—given its theory that the named Defendants and Chris

Figaira and Archery Attack Proprietary Limited would all be jointly liable for breach of the

License Agreement—the test is satisfied. Having found that the amount in controversy as alleged

in the Third Amended Complaint meets the $75,000 threshold, the Court denies the Defendants'

Motion to Dismiss pursuant to Rule 12(b)(1).

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendants' Motion to Dismiss

[ECF No. 48].

SO ORDERED on July 21, 2017.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT