UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GLOBAL ARCHERY PRODUCTS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ASHLEIGH RENEE FIRGAIRA, )<br>ARCHERY SPORTS, and ARCHERY )<br>ATTACK, )<br>)<br>Defendants. )<br>_____ )<br>)<br>ARCHERY SPORTS, ARCHERY ATTACK, )<br>and ASHLEIGH RENEE FIRGAIRA, )<br>)<br>Counter-Plaintiffs, )<br>)<br>v. )<br>)<br>GLOBAL ARCHERY PRODUCTS, INC., )<br>)<br>Counter-Defendant. ) | CAUSE NO.: 1:16-CV-19-TLS |

**OPINION AND ORDER**

On June 29, 2016, Plaintiff Global Archery Products, Inc., filed its Third Amended Complaint [ECF No. 32] against Defendants Ashleigh Rene Firgaira, Archery Sports, and Archery Attack, alleging breach of a covenant not to compete and a failure to return equipment as required by a License Agreement. On May 24, 2017, the Defendants filed a Motion to Dismiss [ECF No. 48] for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacked subject matter jurisdiction because the Plaintiff could not establish that the amount in controversy was greater than $75,000. The Plaintiff responded [ECF No. 50] on June 7, 2017, and the Defendants replied [ECF No. 51] on June 14, 2017. On July 21,

2017, the Court denied [ECF No. 52] the Defendants' Motion to Dismiss, finding that certain sales of archery equipment by the Defendants, allegedly made in violation of the License Agreement, exceeded $75,000.

The Defendants have now filed a Motion for Reconsideration [ECF No. 70] of the Court's denial of their Motion to Dismiss. The Plaintiff has not responded, and the time for doing so has passed. In support of their Motion, the Defendants point to a stipulation (*see* ECF No. 70-1) signed by the Plaintiff that the sales on which the Court relied to find that the amount in controversy exceeded $75,000 were not, and could not, be at issue in the present litigation.

## ANALYSIS

"Unlike motions to reconsider final judgments, which are governed by Federal Rule of Civil Procedure 59 or 60, a motion to reconsider an interlocutory order [under Rule 54(b)] may be entertained and granted as justice requires." *Azko Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1159 (N.D. Ind. 1995). Rule 54(b) provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"The beneficial aspect of distinguishing between the two methods of relief is readily apparent when the strict standard for granting relief under Rule 60(b) is contrasted with the practically unbridled discretion of a district court to reconsider a previous interlocutory order [under Rule 54(b)]." *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). A court may reconsider prejudgment interlocutory decisions at any time prior to final judgment. *In re*

*949 Erie St., Racine, Wis.*, 824 F.2d 538, 541 (7th Cir. 1987) (citing *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986)).

No final judgment has been entered in this case, and the Court finds that reconsideration of its July 21, 2017, Opinion and Order would be in the interests of justice.

The Plaintiff's Third Amended Complaint bases subject-matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). In this case, the parties disputed only whether the amount in controversy requirement was met. A federal court has subject-matter jurisdiction "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible." *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012).

The Defendants argued previously that, at most, the amount in controversy in this case is $20,147, which represents non-sales profits and the value of equipment that the Defendants failed to return to the Plaintiff. The Plaintiff argued that the amount in controversy exceeds the $75,000 threshold because it can aggregate the $20,147 amount with the amount that previously named Defendants[1] Chris Firgaira and Archery Attack Proprietary Limited profited from equipment sales, which is allegedly between $119,850 and $329,850.

The Court concluded that the amount in controversy requirement was met because the Plaintiff could aggregate the sales in question, pushing the amount in controversy well past the $75,000 requirement. (*See* Opinion and Order, ECF No. 52.) Now, however, the Plaintiff has signed a stipulation that these sales are not in controversy, and it has no right to recover on them.

---

[1] Chris Firgaira and Archery Attack Proprietary Limited were dismissed from this case without prejudice [ECF No. 33] on June 29, 2016.

The Defendants assert that the Plaintiff's damages are now capped at $20,147: $16,850 for non-sales-related profits and $3,297 for the value of unreturned equipment. No further sources of damages have been alleged.

Based on this new information, the Court finds that it is legally impossible for the amount in controversy in this case to exceed $75,000. Given the Plaintiff's stipulation regarding the sales on which the Court relied in denying the Defendants' Motion to Dismiss [ECF No. 48] and the lack of argument by the Plaintiff that its damages exceed $20,147, the Court finds that it does not have subject matter jurisdiction over this action.

Therefore, the Court GRANTS the Defendant's Motion to Reconsider [ECF No. 70] the Court's July 21, 2017, Opinion and Order [ECF No. 52] and DISMISSES this case.

SO ORDERED on August 13, 2018.

                                                s/ Theresa L. Springmann
                                                CHIEF JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT